UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> EASTERN PROPANE GAS, INC., ) <br> ) <br> Defendant. ) | CIVIL ACTION <br> NO. 15-12955-JGD |

## ORDER ON MOTIONS IN LIMINE
## TO PRECLUDE EVIDENCE OF DAMAGES

April 12, 2017

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter is before the court on "Defendant, Eastern Propane Gas, Inc.'s, Motion in Limine to Preclude Evidence of Damages" (Docket No. 62), and on "Defendant, Eastern Propane Gas, Inc.'s, Supplemental Motion in Limine to Preclude Evidence of Damages" (Docket No. 81). At issue is whether the limitation of liability provision contained in Eastern Propane's contract with the property owners ("Contract") bars the plaintiff's claim for damages based upon a negligence theory. After consideration of the parties' written submissions and their oral arguments, and for the reasons set forth below, the defendants' motions to preclude Great Northern from introducing evidence of damages at trial are DENIED.

## II. DISCUSSION

As described during the Final Pretrial Conference held on April 4, 2017, Great Northern's theory of liability is that the property damage and resulting loss were caused by Eastern

Propane's negligence in failing to complete the agreed upon delivery of propane to the Davis's property. There is no dispute that the defendant agreed to the automatic delivery of propane to the property. Nor is there any dispute that if the propane had been delivered as Eastern Propane had promised, the amount would have been sufficient to keep the pipes in the Davis' home from freezing. Therefore, as the case has been presented to the court, Eastern Propane may be held liable for negligence only if it failed to make the agreed upon delivery of propane. If the evidence were to show that Eastern Propane completed the delivery as promised, something other than the exhaustion of propane would have had to have caused the pipes to freeze, and the defendant's conduct could not have been the proximate cause of damage to the property and resulting loss to the plaintiff.

The Contract does not preclude the plaintiff from pursuing this theory of liability. As the relevant language of the Contract provides:

> In recognition that the depletion of the supply of LP gas at the Location varies with the usage demands of the Customer(s), and that the Customer's(s') usage demands will fluctuate in relation to the Customer's(s') fuel requirements, Eastern cannot and does not assume responsibility and is not accountable for the exhaustion of the LP Gas supply at the Location, or the consequences of its exhaustion, direct or indirect.

(Docket No. 32 at Ex. C). Thus, while the plain language of the Contract bars damages resulting from "the exhaustion" of propane "or the consequences of its exhaustion," it does not excuse the defendant's failure to deliver propane that it specifically agreed to deliver. Instead, it contemplates the existence of a "supply" that could become depleted based on the Customer's usage demands. Accordingly, the Contract does not bar Great Northern from seeking damages

against Eastern Propane for its alleged negligence in failing to complete an agreed upon delivery of propane to the property.

Even if the Contract could arguably be read to excuse the defendant's alleged negligence in failing to make a specific delivery of fuel to the property, the plaintiff would still be able to pursue a claim against Eastern Propane. Under Massachusetts law, "releases are effective against liability for *ordinary* negligence." Zavras v. Capeway Rovers Motorcycle Club, Inc., 44 Mass. App. Ct. 17, 18, 687 N.E. 2d 1263, 1265 (1997) (emphasis in original). See also Cormier v. Cent. Mass. Chapter of Nat'l Safety Council, 416 Mass. 286, 288, 620 N.E. 2d 784, 786 (1993) (ruling that defendant could enter into an enforceable contract "exempt[ing] itself from liability which it might subsequently incur as a result of its own negligence" where there was "nothing to show that the release was procured by deceit or fraud or under duress"). However, a party may not "contract against liability for harm caused by . . . its gross negligence." Zavras, 44 Mass. App. Ct. at 19, 687 N.E. 2d at 1265. Because a reasonable jury could conclude that the failure to complete an agreed upon delivery of fuel was grossly negligent, the plaintiff may pursue its claim for damages against Eastern Propane regardless of the terms of the Contract.

The Massachusetts courts have defined "gross negligence" as

> "an act or omission respecting [the] legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care." *Altman v. Aronson*, 231 Mass. 588, 591, 121 N.E. 505 (1919). It is "substantially and appreciably higher in magnitude than ordinary negligence." *Id.*; *accord Matsuyama v. Birnbaum*, 452 Mass. 1, 890 N.E. 2d 819 (2008). It is defined as "indifference to a present legal duty and ... utter forgetfulness of legal obligations so far as other persons may be affected" and "very great negligence, or the absence of slight diligence, or the want of even scant care." *Altman*, 231 Mass. at 591, 121 N.E. 505. However, "[i]t falls

short of being such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong." *Id.*

Doe v. Cultural Care, Inc., Civil Action No. 10-11426-DJC, 2011 WL 4738558, at *3 (D. Mass. Oct. 7, 2011) (unpub. op.) (alterations and punctuation in original).

In evaluating whether a defendant's actions were grossly negligent, the court must consider the defendant's conduct as a whole. Id. Furthermore, "[e]very act or omission . . . must be considered in connection with all the other circumstances before the whole can be properly held to amount to gross negligence." Id. (quoting Driscoll v. Pagano, 313 Mass. 464, 468, 48 N.E. 2d 11 (1943)). Thus, the question whether a party's conduct was grossly negligent involves a fact-based inquiry into the circumstances of the case. In the instant case, a jury could reasonably conclude that the failure to complete an agreed upon delivery of propane, to a house that was vacant, particularly during a season in which outside temperatures could dip below freezing, constituted "very great negligence" or "the want of even scant care." Therefore, even if the plaintiff were precluded from seeking damages under an ordinary negligence theory, it would not be barred from seeking damages against Eastern Propane based on a theory of gross negligence.

## III. CONCLUSION

For all the reasons detailed above, "Defendant, Eastern Propane Gas, Inc.'s, Motion in Limine to Preclude Evidence of Damages" (Docket No. 62) and "Defendant, Eastern Propane Gas, Inc.'s, Supplemental Motion in Limine to Preclude Evidence of Damages" (Docket No. 81) are both DENIED.

                                            / s / Judith Gail Dein
                                            Judith Gail Dein
                                            United States Magistrate Judge