UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GREAT NORTHERN INSURANCE CO.   ),
                               )
              Plaintiff,       )
v.                             )              No. 15-12955-JGD
                               )
EASTERN PROPANE GAS, INC.,     )
                               )
              Defendant.       )

**MEMORANDUM OF DECISION AND ORDER ON**
**DEFENDANT'S REQUESTS FOR COSTS AND ATTORNEYS' FEES**

June 5, 2017

DEIN, U.S.M.J.

## I. INTRODUCTION

On January 23, 2015, the water supply line at an unoccupied home owned by the

plaintiff's insured, Anne Davis, froze and ruptured, causing in excess of $700,000.00 in damage.

Great Northern Insurance Company ("Great Northern") insured the property, and paid the

property damage claim.  It brought this action as the insured's subrogee against Eastern

Propane Gas, Inc. ("Eastern Propane"), the entity that provided propane gas to heat the

property.  While during pre-trial discovery various claims and defenses were proffered by both

sides, by the time of trial the parties focused on the critical factual dispute: namely, whether

Eastern Propane actually had delivered the propane its records had indicated it had delivered.

It was undisputed by the time of trial that if Eastern Propane had, in fact, made the delivery, it

was not a lack of fuel that had caused the pipes to freeze.

A jury trial was held beginning on April 18, 2017.  The jury returned its verdict on April

20, 2017, finding in response to special questions that Great Northern had not established by a

preponderance of the evidence that Eastern Propane had failed to deliver the amount of

propane gas that it said it had delivered. (See Docket No. 97). Judgment, therefore, entered in

favor of Eastern Propane.

This matter is presently before the court on Eastern Propane's "Requests for Costs and

for Attorney's Fees." (Docket No. 100). Therein, Eastern Propane seeks costs pursuant to Fed.

R. Civ. P. 54(d)(1) in the amount of $1,075.70 for photocopying charges and two deposition

transcripts. In addition, Eastern Propane seeks to recover its attorneys' fees, which exceed

$100,000.00, on the grounds that Great Northern had not put on any evidence that Eastern

Propane was negligent, and that this court has the inherent power to award fees when the

circumstances so warrant. Great Northern challenges the request for costs for copying and for

one of the depositions, and opposes the request for attorneys' fees in its entirety.

After consideration of the parties' arguments, and for the reasons detailed herein, this

court awards Eastern Propane its costs in their entirety, and denies the request for attorneys'

fees.

## II. DISCUSSION

### A.    Request for Costs

Pursuant to Fed. R. Civ. P. 54(d), "[u]nless a federal statute, these rules, or a court order

provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing

party." Thus, "[t]here is a background presumption favoring cost recovery for prevailing

parties." B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008)

(additional citations omitted). Nevertheless, the court has "wide latitude in shaping the

contours of such awards." Conway v. Licata, 144 F. Supp. 3d 212, 217 (D. Mass. 2015) (internal

quotation omitted). Among the costs that are generally recognized as recoverable are some deposition transcripts and copying costs. See Templeman v. Chris Craft Corp., 770 F.2d 245, 248 (1st Cir. 1985) (citing 28 U.S.C. § 1920).

## Deposition Costs

In the instant case, Eastern Propane is seeking to recover the costs of the deposition transcripts for Richard Noone ($510.95) and Robert Flachbart ($215.35). It is well-established that "if depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party." Id. at 249. Great Northern does not challenge the amount for Mr. Noone's deposition, since it was used in cross-examination at trial. It does challenge the cost for the deposition of Mr. Flachbart since it was not used at trial. However, Mr. Flachbart was the key witness in the case, as he was the driver who delivered the propane gas. Presumably, his deposition was noticed by the plaintiff. The "necessity" for the deposition "'is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling.'" Martinez v. Cui, No. 06-40029-FDS, 2009 WL 3298080, at *2 (D. Mass. April 13, 2009) (quoting Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989)) (punctuation omitted). Where, as here, "there can hardly be any suggestion" that the deposition was taken solely "for defendant's investigative or discovery purposes or purely for defense counsel's convenience[,]" this court finds the award of costs for the deposition to be appropriate. Id. (punctuation omitted). See also Templeman, 770 F.2d at 249 (it "is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at the trial"). Therefore, this court will award Eastern Propane the full amount of the deposition transcripts it is seeking.

**Copying Costs**

Eastern Propane is also seeking $394.40 in copying charges. Eastern Propane has

submitted invoices which indicate the number of pages copied and the charges incurred. It

appears that the copying was done soon after new counsel for the defendant entered their

appearance.[1] While Eastern Propane has recognized that copying costs are recoverable "where

the copies are necessarily obtained for use in the case" it has not provided any additional

description of the need for the charges. See Requests for Costs and Fees (Docket No. 100) at 4

(quoting 28 U.S.C. § 1920(4)). Great Northern objects to this request on the grounds that

insufficient detail is provided. Given the minimal amount requested, and the fact that the

copying was clearly done in connection with new counsel preparing the case, this court will

allow the request in its entirety

To be recoverable, copying costs must be "reasonably necessary to the maintenance of

the action." Martinez, 2009 WL 3298080, at *3 (citing 28 U.S.C. § 1920(4); additional citations

omitted). "While a page-by-page justification is not required, the prevailing party must offer

some evidence of necessity." Id. (quotations and citations omitted). Thus, "counsel should

inform the Court of the number of copies, the cost of each copy, and provide, if possible, a

breakdown of the reasons why photocopying of certain documents was necessary." Id.

(quotations omitted). While there is certainly room for a more detailed description of the

defendant's need for the copies, this court is aware that the case involved a claim of property

damage (presumably justified by invoices) for more than $700,000, as well as a significant

---

[1] According to the invoices the costs were incurred in the May – July 2016 time-frame, and new counsel
entered their appearances in May and June 2016. (See Docket Nos. 19, 21-22)

number of other exhibits.  As an exercise of discretion, this court will award Eastern Propane

the full amount of photocopying costs requested.

## Attorneys' Fees

Under the "American Rule," each party bears its own attorneys' fees.  However, an

exception exists which "allows a district court to award attorney's fees to a prevailing party

when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"

Dubois v. U.S. Dep't of Agriculture, 270 F.3d 77, 80 (1st Cir. 2001) (quoting Chambers v. NASCO,

Inc., 501 U.S. 32, 33, 111 S. Ct. 2123, 2126, 115 L. Ed.2d 27 (1991)).  "To invoke this exception

under a claim of 'vexatious' conduct, the moving party must demonstrate that the losing party's

actions were 'frivolous, unreasonable, or without foundation, even though not brought in

subjective bad faith.'"  Id. (quoting Local 285 v. Nonotuck Resource Assocs., 64 F.3d 735, 737

(1st Cir. 1995)).  "Because of its potency, however, a 'court's inherent power to shift attorney's

fees should be used sparingly and reserved for egregious circumstances.'"  Id. (quoting Whitney

Bros. Co. v. Sprafkin, 60 F.3d 8, 13 (1st Cir. 1995) (additional quotations and citation omitted)).

In this case, this court declines to award Eastern Propane its attorneys' fees.

In its motion, Eastern Propane argues that

during the course of trial, Great Northern put forth no evidence to show that Eastern Propane was negligent and breached the standard of care it owed to the Davises.  Great Northern presented no evidence that questioned that delivery documentation produced by Eastern Propane or challenged the accuracy and reliability of the equipment used by Eastern Propane in its delivery.  Great Northern only presented evidence to try to prove that the pipes in the crawl space could not have frozen rather than proving that Eastern Propane was negligent in delivering propane to the Davis Home.

Requests for Costs and Fees (Docket No. 100) at 4.  For its part, Great Northern argues that it

introduced evidence of some irregularities in documents, as well as evidence that Mr. Flachbart

did not remember delivering the propane. "In addition plaintiff's fact and expert witnesses testified that the area where the pipes froze would not have frozen if Eastern ha[d] delivered sufficient propane." Opp. (Docket No. 101) at 3-4.

This court agrees that the evidence of negligence was very limited. While Mr. Flachbart had no specific memory of delivering the propane, he made a very strong witness that the propane had, in fact, been delivered based on his routine and the documentary evidence. Moreover, the challenge to the accuracy of Eastern Propane's documentary proof of delivery was half-hearted at best. Significantly, however, although Eastern Propane had moved for summary judgment, it did not do so on the basis that there was no evidence of negligence. In fact, both the plaintiff and defendant seemed to pursue a number of different theories during discovery, with the result being that the critical factual issue was not crystalized (as least to the court) until shortly before trial. "[T]he power to sanction must be used with great circumspection and restraint employed only in compelling situations." Dubois, 270 F.3d at 80. This is not one of those situations, and the motion for fees is denied.

### III. ORDER

Eastern Propane's "Requests for Costs and for Attorney's Fees" (Docket No. 100) is ALLOWED IN PART and DENIED IN PART. Eastern Propane shall be awarded costs in the amount of $1,075.70. The request for attorneys' fees is denied. A Supplemental Judgment shall issue forthwith.

                              / s / Judith Gail Dein
                              JUDITH GAIL DEIN
                              UNITED STATES MAGISTRATE JUDGE